The opinion of the Court was delivered by
ColcocK, J.
It is to be apprehended, that many eases of this kind have passed without notice. But upon a reference to the acts on this subject, it will be found that the Court have no authority to make partition in such case.
The Act[1] of 17 91, 1 Faust, 23, 1 Brev. Dig. 422, most clearly and exclusively relates to the distribution of the estates of intestates. The preamble of the Act states, that “ whereas the convention of this State, by the fifth section of the tenth article of the Constitution, passed the third day of June, in the year of our Lord one thousand seven hundred and ninety, did direct that the Legislature should, as soon as might be convenient, pass laws for the abolition of the rights of primogeniture, and for giving an equal distribution of the real estates of intestates.” And in *4311 c-*ause enacted, that the right of primogeniture be and the same is hereby abolished; and that when any person possessed of, interested in, or entitled unto, a real estate, in his or her own right in fee simple, shall die without disposing thereof by will, the same shall be distributed in the following manner: Here, then, is the strongest and most explicit language which can be used, to show the Act relates to the distribution of the estates of intestates, and this is confirmed by every subsequent clause. The Act then proceeds to point out the mode in which the distribution shall be made, and enacts, that any person entitled to a distributive share of any estate, may apply, if of full age, or married, to the Court of Equity or Common Pleas, and obtain a writ, directed to commissioners, to divide the estate,[2] and the commissioners are directed, in case they cannot divide the property, to make a special return of the value thereof, and the Court are *633 authorized to make such rules and orders as may be necessary to effect the division; in the language of the Act, “ to carry the foregoing clause into effect.” This power so given in this Act, can have relation to no other partition or distribution of property, than that which arises under the Act. This, I think, is clear: First, because the authority is given in that Act, and was necessary to enable the Court of Common Pleas to act: Secondly, because the words, “ distributive share,” apply in legal understanding to that portion of an intestate’s estate to which one would be entitled ; and not to a bequest or devise; and in this view of the Act my brethren unanimously concur.
But it was said, that the order might have been granted for partition of the land under the Act[1] of 1148. P. L. 218. 2 Brev. Dig. 102. This act declares, that “ Whereas no provision hath hitherto been made for the division of lands in this province, held in coparcenary, joint tenancy, and tenancy in common, Be it enacted, That in all cases where any lands shall be given or descend to any persons in coparcenary, joint tenancy, or tenancy in common, and no provision made by will *or otherwise, how such lands shall be divided, when, and as soon as L any one of the said coparceners, joint tenants, or tenants in common, shall be of the age of twenty-one years, he or she shall or may apply to the Court of Common Pleas for a writ of partition ; and in case he or she shall neglect to do so, by the space of twelve months, then the guardian ór guardians of him, her, or them, under age, shall be, and'they are hereby required and directed to apply to the said Court of Common Pleas, for a writ of partition ;” and that it be directed to five commissioners, who shall make partition within three months, and such partition shall be final and conclusive. Under this Act it is clear the Court have no power to order a sale of lands, and therefore the object of the present applicant could not have been effected. But if it could, it certainly would be very inconvenient, especially as to a small estate, to obtain a writ of partition from the Court of Common Pleas to divide the lands, and then apply to the Court of Equity for the same writ, to divide the negroes. It is better to apply to that Court which could take cognizance of the whole matter.
Again, there were minors concerned in the estate to be divided, and they had no guardians. Now the Act directs, that their guardians may or shall apply, meaning, as I presume, guardians of their persons and property, appointed by the Court of Equity, for, before the Acts of 1191, and 1808,[2] this Court had not the power of appointing guardians of the person and property, and now, by the latter Act, the power is expressly restricted to cases of intestacy, and, in my opinion, ought to be restricted to the Court of Equity, from whom it was taken by necessity, that Court being, at that time, inaccessible to the greater portion of the community.
The motion is dismissed.
Nott, Bax, Johnson and Huger, JJ., concurred.
RichaRDSON and Gantt, JJ., dissented.

 5 Stat. 162.

 § 7.

 3 stat. 707.

 5 Stat. 570, 8 1.
Post. 593; 1 MoC. 546; 3 McC. 21, 509 ; 2 Brev. 375.